UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ronald S. Mills, et al.,                                        Case No. 3:20-cv-1141

        Plaintiffs

    v.                                                                   MEMORANDUM OPINION
                                                                                              AND ORDER

FIS 2 LLC, et al.,

        Defendants

## I.   INTRODUCTION

Before me is Plaintiffs' second amended motion for a temporary restraining order and preliminary injunction.[1] (Doc. No. 24). Defendant filed a brief in opposition to Plaintiffs' motion. (Doc. No. 27). On August 17, 2020, I conducted a hearing on the matter and, for the reasons discussed below, I deny Plaintiffs' motion.

## II.   BACKGROUND

In August 2016, Plaintiffs sold their interest in the historic Fort Industry Square project in Toledo, Ohio to ProMedica. But as a condition of the sale, Plaintiffs reserved a life estate in the "exclusive use and occupancy" of two units of the property "including any roof decks forming a part of" those units. (Doc. No. 27-1 at 1). The Premise Reservation Agreement ("PRA") governs the rights and duties of Plaintiffs and Defendants as to these "Reserved Premises."

---

[1] Plaintiffs previously filed motion for a temporary restraining order and preliminary injunction and an amended motion for a temporary restraining order and preliminary injunction. (Doc. Nos. 2 & 7). Because these were merely earlier iterations of the second amended motion for a temporary restraining order and preliminary injunction, I deny them as moot.

On May 21, 2020, Defendants' counsel sent Plaintiffs' counsel a letter advising that the Fort Industry Square property was to "be completely renovated as a historic renovation project.… As part of the process, the "Units" will be entirely gutted, reconfigured and rebuilt into code compliant, legally occupiable and leasable residential units." (Doc. No. 23-1 at 3). The letter stated this work was set to begin the following week. In response, Plaintiffs filed this action and moved for a temporary restraining order to prevent Defendants from "gutting" the units, claiming such an action would be both an act of trespass and a breach of the PRA.

Since this action was filed, Plaintiffs and Defendants have diligently tried to resolve this matter. Defendants have agreed not to "gut" the reserved units. In fact, Defendants "do not intend to do any work inside Suites 415 and 416 except as may be necessary in connection with the installation of the new roof, new windows, and hookups of new utilities and building wide life safety systems." (Doc. No. 27 at 4). The installation of the new roof is the source of the remaining disagreement.

The PRA charges Defendants with the duty to "clean, maintain and repair (and, if necessary, replace) all structural components, exterior walls, and the roof of the building in which the Reserved Premises is located." (Doc. No. 27-1 at 2). At this point, all agree that the roof, which Plaintiffs' expert characterized as "aged beyond its service life," must be replaced. Further, all agree that the stairway leading from the units to the rooftop deck must be removed to perform this work. The dispute lies in whether the rooftop deck itself must be removed as well.

Plaintiffs assert the work can be performed under the rooftop deck while it remains in place. Defendants disagree, arguing the entire rooftop deck must be removed. That said, Defendants have committed to replace the rooftop deck once the new roof has been installed so long as replacing it is permitted by both applicable building codes and historic standards. (Doc. No. 27). Due to

Defendants' inability to provide absolute assurances of replacement, Plaintiffs reject this proposal and move to enjoin Defendants from removing the rooftop deck.

### III. STANDARD

Rule 65 of the Federal Rules of Civil Procedure provides that a court may issue a temporary restraining order ("TRO") if the movant can "clearly show that immediate and irreparable injury, loss, or damage will result" in the absence of such relief. Fed. R. Civ. P. 65(b)(1)(A). In determining whether the movant has satisfied his burden, the court will consider the following factors:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*Summit Cnty. Democratic Cent. & Exclusive Comm. v. Blackwell*, 388 F.3d 547, 550-51 (6th Cir. 2004) (quoting *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). The same factors are used to determine whether a preliminary injunction should be granted. *Summit Cnty.*, 388 F.3d at 550.

The Sixth Circuit has held that "[a]s long as there is some likelihood of success on the merits, these factors are to be balanced, rather than tallied." *Hall v. Edgewood Partners Ins. Ctr., Inc.*, 878 F.3d 524, 527 (6th Cir. 2017). But the Supreme Court has held the second factor is dispositive as well, stating, "Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22-24 (2008) (emphasis in original).

### IV. DISCUSSION

Although not clearly stated in the Second Amended Complaint or the motion for relief, this discrete rooftop deck issue falls best within Plaintiffs' breach of contract claim. Plaintiffs acknowledge that the roof over their units must be replaced and that Defendants are contractually obligated to complete this work. But Plaintiffs contend Defendants cannot "destroy" the rooftop

3

deck to fulfill this duty. Such a "destruction," Plaintiffs contend, violates Plaintiffs' contractual right to "exclusive use and occupancy" of the Reserved Premises, including the rooftop deck.

In light of Defendants' commitment to replace the deck, "destruction" will occur only if replacement is prohibited by applicable building codes or historic standards. Plaintiffs have failed to identify any such building code or historic standard that would prevent reinstallation. In fact, Plaintiffs have repeatedly referenced a similar rooftop deck that has been authorized for the Fort Industry Square renovation project, over the roof of a neighboring, contiguous building.

Because Plaintiffs have provided no evidence to suggest replacement is unlikely, "destruction" is merely speculative. I cannot issue injunctive relief based on mere possibility alone. *See Winter*, 555 U.S. at 22 ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."). While Plaintiffs may have a claim for damages should restoration be prohibited, I give no opinion at this time as to the likelihood of the success of that claim. Instead, because Plaintiffs have failed to show "irreparable injury is *likely* in the absence of an injunction," *id.*, the motion must be denied.

As a practical matter, I will note that, even if Defendants were enjoined from removing the rooftop deck, Plaintiffs' continued "use and occupancy" is not absolutely assured. As agreed by all, the stairway from the units to the rooftop deck must be removed to replace the roof. Because the stairway is the only method of ingress and egress, Plaintiffs' "use and occupancy" would still be dependent on building code and the attendant propriety of a new stair. This added layer of uncertainty calls into question whether the requested injunctive relief would act to reduce any speculative harm, and only bolsters my conclusion that the extraordinary remedy of injunctive relief is not warranted in this case.

V. CONCLUSION

For the foregoing reasons, I hereby deny Plaintiff's second amended motion for a temporary restraining order or preliminary injunction. Plaintiffs initial motion and first amended motion for the same are denied as moot. The settlement conference before Magistrate Judge James R. Knepp, II on September 10, 2020, is confirmed, therefore no further conference on this matter will be scheduled at this time.

So Ordered.

s/ Jeffrey J. Helmick<br>United States District Judge