UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ronald S. Mills, et al.,                          Case No. 3:20-cv-1141

          Plaintiffs,

     v.                                         MEMORANDUM OPINION
                                                AND ORDER

FIS 2 LLC, et al.,

          Defendants.

## I.    INTRODUCTION

Before me is Plaintiffs' motion to file a Third Amended Complaint. (Doc. No. 101). Defendants filed a brief in opposition, (Doc. No. 103), and Plaintiffs filed a reply. (Doc. No. 104).

## II.    BACKGROUND

This action centers on two units located in the Fort Industry Square complex in Toledo, Ohio, referred to as the "Reserved Premises." There is no dispute that Plaintiffs have *an* interest in the Reserved Premises as provided by the July 2016 Real Estate Purchase Agreement and the August 2016 Premises Reservation Agreement. The question again before me: What is that interest?

Plaintiffs first brought this action on May 26, 2020. (Doc. No. 1). At that time, Plaintiffs alleged Defendants had denied them access to the Reserved Premises and had entered it without proper authorization. They also asserted they owned the Reserved Premises as a life estate. Based on these allegations, Plaintiffs brought claims for: (1) breach of the Premises Reservation Agreement; (2) trespass; (3) quiet title; and (4) unjust enrichment.

On September 26, 2022, I granted Defendants' motion to dismiss Plaintiffs' quiet title and unjust enrichment claims. (Doc. No. 73). In doing so, I concluded Plaintiffs did not own the Reserved Premises as a life estate. I further explained,

> Plaintiffs' claim to ownership . . . seemingly stems from the use of the phrase "life estate term" in both the Purchase Agreement and the Premises Reservation Agreement. But contrary to Plaintiffs' assertion, neither the Purchase Agreement nor the Premises Reservation Agreement granted Plaintiffs a life estate ownership interest in the Reserved Premises. Instead, these Agreements used the phrase "life estate term" to describe the length of time Plaintiffs would possess the lease to the Reserved Premises.
> Pursuant to the Purchase Agreement, Plaintiffs agreed to convey "marketable title to the Property in fee simple." (Doc. No. 43-1 at 1). In exchange, Defendants agreed to pay Plaintiffs the $4.0 million Purchase Price and execute a "Premises Reservation Agreement" reserving the Reserved Premises for Plaintiffs to use "rent free" "for a LIFE ESTATE TERM."[ ] (*Id.* at 5). That is, at Closing, Defendants would hold the fee simple interest in the Property and Plaintiffs would hold a rent-free leasehold interest in the Reserved Premises, pursuant to the Premises Reservation Agreement codifying the lease arrangement of the Reserved Premises for a life estate *term*.
> The Premises Reservation Agreement that was executed and delivered to Plaintiffs acknowledged the same, stating that "as a condition to the delivery of the Deed," Plaintiffs "requested" that Defendants reserve for Plaintiffs the Reserved Premises "for a life estate term." (Doc. No. 43-3 at 1). Defendants honored that request, "reserv[ing] the Reserved Premises for [Plaintiffs] for [their] exclusive use and occupancy" for the "life estate term." (*Id.*). In turn, Plaintiffs "t[ook] and accept[ed] the Reserved Premises" from Defendants for that purpose – to "exclusive[ly] use and occup[y]" the Reserved Premises rent free for the "life estate term." (*Id.*). The Premises Reservation Agreement did not state that Plaintiffs would "own" the Reserved Premises for this "life estate term."

(Doc. No. 73 at 7-8).

Since I issued this decision, the parties and the court have invested significant time and resources into this case. That is, the parties have conducted extensive discovery, and in the course of this discovery, I have spent hours resolving discovery disputes. Further, Magistrate Judge Darrell A. Clay also attempted to mediate this case over the course of more than five hours.

Now, when I believed based on the parties' representations that discovery on this four-year-old case was finally coming to a close, Plaintiffs seek to amend the Complaint to add a new claim and arguably start the cycle anew.

### III. STANDARD

Rule 15 provides a party may amend its pleadings once as a matter of course within 21 days of serving the pleading or, if a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. Pro. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989).

But "when a plaintiff moves to amend the complaint after the deadline established by a scheduling order, the plaintiff first must show good cause under Rule 16(b) of the Federal Rules of Civil Procedure for failure earlier to seek leave to amend and the district court must evaluate prejudice to the nonmoving party before a court will even consider whether amendment is proper under Rule 15(a)." *Ross v. American Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014) (internal quotation marks and bracketed omitted); *see also Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

### IV. DISCUSSION

Through their pending motion to amend, Plaintiffs seek to add one of two claims.[1] First, they seek to add a claim for reformation of the Premises Reservation Agreement, alleging that all parties understood the Premises Reservation Agreement to grant Plaintiffs a "life estate" such that Plaintiffs would maintain ownership of the Reserved Premises. And alternatively, they seek to add

---

[1] Plaintiffs also moved to add a claim of breach of the Bill of Sale but withdrew that request in their reply. (Doc. No. 104 at 1 n.1).

3

claims for "continuing and unremedied violations of landlord-tenant law." (Doc. No. 101 at 7). Defendants oppose amending the Complaint to add either.

In pursuit of their motion to add a claim for reformation of the Premises Reservation Agreement, Plaintiffs rely entirely on a recently-produced contract to which Plaintiffs were not a party and in which Defendants listed as a "restriction" on the Fort Industry Square property the "Mills Life Estate." (*See* Doc. No. 101-3). Plaintiffs allege the inclusion of this term "is significant evidence that the intent of the parties in the PRA was to reserve not a lease, but a life estate interest, to Plaintiffs." (Doc. No. 104 at 3). That is simply not the case.

As restated above, I have already analyzed the language of both the Real Estate Purchase Agreement and Premises Reservation Agreement and concluded that "neither . . . granted Plaintiffs a life estate ownership interest in the Reserved Premises." (Doc. No. 73 at 7). Plaintiffs do not meaningfully address how the brief mention of the "Mills Life Estate" in the recently-produced contract would alter my analysis or conclusion. In fact, they fail to so much as acknowledge the existence of the Purchase Agreement, let alone seek reformation of the Purchase Agreement for the same reasons they seek reformation of the Premises Reservation Agreement.

Instead, they toss a weak "Hail Mary pass" and effectively urge me to disregard the plain language of both the Purchase Agreement and the Premises Reservation Agreement. I cannot and will not do so. Therefore, I reject Plaintiffs' attempt to reform the Premises Reservation Agreement and turn to Plaintiffs' proposed landlord-tenant claim.

By Plaintiffs' admission, the landlord-tenant claim is "based in part" on my decision issued on September 26, 2022, where I used the word "lease" in an attempt to describe Plaintiffs' unorthodox property interest in the Reserved Premises. (Doc. No. 73). Plaintiffs now seek to capitalize on my characterization to demand additional rights and impose duties on Defendants beyond those contemplated by the Premises Reservation Agreement. But I decline the invitation to

turn my word choice into the genesis of a new relationship and cause of action. Accordingly, I deny Plaintiffs' motion to assert a claim for violations of landlord-tenant law.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to amend the Complaint is denied.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge