UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ronald S. Mills, *et al.*,            Case No. 3:20-cv-1141

      Plaintiffs,

v.                                          MEMORANDUM OPINION
                                                    AND ORDER

FIS 2 LLC, *et al.*,

      Defendants.

### I.    INTRODUCTION AND BACKGROUND

This case involves a dispute between the parties about restrictions on the Plaintiffs' access to, and the progress of construction in, two residential units in the Fort Industry Square complex in Toledo, Ohio, referred to as the "Reserved Premises." (*See* Doc. No. 23). Defendants have moved to strike two expert witness reports produced by the Plaintiffs on August 1, 2024. (Doc. No. 107). Plaintiffs opposed the motion, (Doc. No. 108), and Defendants filed a brief in reply. (Doc. No. 109).

### II.    DISCUSSION

**A.    TIMELINESS**

Defendants argue Plaintiffs' expert reports should be stricken because they were produced after the May 2, 2022 deadline for the production of such reports. (*See* Doc. No. 60). Defendants contend Rule 37(c) compels the exclusion of the reports because their late disclosure was not substantially justified or harmless. (Doc. No. 107 at 5-7). I disagree.

Expert disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). "[A] party [who] fails to provide information . . . required by Rule 26(a) or (e) . . . is not allowed to use that information . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The Sixth Circuit has adopted five factors for consideration in determining whether a party's late disclosure is substantially justified or harmless:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (citations omitted).

Defendants appear to argue the expert reports are not important to Plaintiffs' case because Plaintiffs could testify individually about their estimated lost rental income from the units and generally argue Plaintiffs "can show no substantial justification" for failing to disclose the reports before the May 2, 2022 deadline.[1] (Doc. No. 107 at 8-9). They do not offer any argument concerning the first three factors.

Plaintiffs contend the expert reports are important to establish both their right to relief and their damages. (Doc. No. 109 at 1-2). Plaintiffs also represent they did not disclose the reports earlier because they were "operating under the understanding . . . that expert discovery would follow the completion of fact discovery." (*Id.* at 7).

A brief summary of the history of this litigation is sufficient to demonstrate Plaintiffs' delayed disclosure was substantially justified. Plaintiffs initiated this lawsuit on May 26, 2020, filing their complaint as well as a motion for a temporary restraining order and preliminary injunction. (Doc. Nos. 1 and 2). After Plaintiffs filed two amended motions for injunctive relief, I held an

---

[1] Defendants reference an August 1, 2022 deadline, but that date is found only in Plaintiffs' motion to amend the case schedule, which I did not adopt. (*See* Doc. No. 61 at 1).

2

evidentiary hearing on August 17, 2020, and I denied Plaintiffs' motion on August 19, 2020. (Doc. No. 28). On October 27, 2020, I held a case management conference and set certain deadlines for the case, including deadlines for the disclosure of the identity of the parties' expert witnesses and of expert reports. (Doc. No. 45).

Rule 12 motion practice followed, as did four joint motions from the parties to extend the discovery deadlines and a fifth motion for an extension filed by the Plaintiffs only. (*See* Doc. Nos. 52, 58, 59, 61, 93, and 94).

Plaintiffs timely disclosed the identity of their retained expert witnesses on February 15, 2021, and offered a summary of each witnesses' expected testimony. (Doc. No. 51). Plaintiffs indicated at that time that the parties tentatively agreed that an extension of the deadline for disclosure of Plaintiffs' expert reports would "likely be necessary." (*Id.* at 1 n.1). I twice extended that deadline, with the final extension setting a deadline of May 2, 2022, for the disclosure of Plaintiffs' expert reports. (Doc. No. 60).

But, as the parties are aware, that date came and went amidst numerous and protracted fact discovery disputes. During an April 27, 2022 telephone status conference with counsel for the parties, I stated an in-person hearing would be necessary to resolve the then-current discovery issues. I held a hearing on August 15, 2022, and ruled on two of the parties' disputes before the parties reached agreement to many of the remaining discovery disputes. In October and November 2022, the parties continued to work to agree upon a discovery protocol to cover, among other things, electronically stored information and the time and place of depositions. (*See* non-document order dated October 18, 2022 and Doc. No. 76).

On May 24, 2023, over a year after the deadline for disclosure of Plaintiffs' expert reports, the parties disclosed they still needed to complete a substantial amount of discovery, including responses to production requests and at least five depositions. Importantly for purposes of

3

Defendants' present motion, during that May 24, 2023 status conference, Plaintiffs' counsel indicated there was additional expert discovery needed and requested new expert discovery deadlines. I declined to set those deadlines at that time due to my concerns about the amount of fact discovery that still needed to occur.

After that conference, the parties filed their final two joint motions to extend the discovery deadlines, which I granted. (*See* Doc. Nos. 93 and 94). Fact discovery was not substantially completed until December 1, 2023, with Defendants producing some additional documents in early January 2024. (*See* non-document order dated Sept. 30, 2023, and Doc. No. 100). Finally, during a June 11, 2024 status conference with counsel held after I denied Plaintiffs' motion for leave to file a third amended complaint, Plaintiffs' counsel again raised the issue of production of expert reports. Defendants objected and I set a briefing schedule which culminated in the parties' filings now before me. (Doc. No. 106).

While I did not formally vacate the remainder of the expert discovery schedule before those deadlines passed, Defendants cannot credibly claim to have expected Plaintiffs to disclose their expert reports by May 2, 2022, when the parties had exchanged very limited discovery and would spend nearly 20 additional months to complete fact discovery. Even if Plaintiffs technically were required to disclose their expert reports on May 2, 2022, I conclude their failure to do so was substantially justified, and I deny Defendants' motion to strike.[2]

**B.     RULE 26(A)**

Defendants contend I should not permit Plaintiffs to rely on the expert report of Scott P. Schroeder because Schroeder did not "offer any explanation at all about how or why the author

---

[2] Defendants also argue Plaintiffs should not be permitted to rely on their expert reports because it would force an amendment to the case management schedule and violate Rule 16's "good cause" standard. (Doc. No. 107 at 7-8). I deny Defendants' motion on this basis for the same reasons I reject their Rule 37 arguments.

4

formed his opinion" that the "project timeline should have limited the Mills' loss of use to around 18 months." (Doc. No. 107 at 10) (citation and quotation marks omitted). This argument also is unpersuasive.

As Plaintiffs point out, Schroeder discussed the project timeline as well as various factors which could impact the duration of construction and, in turn, the length of time during which Plaintiffs would not have access to the Reserved Premises. (Doc. No. 107-1 at 11-12). Schroeder projected, "based on [his] experience and knowledge of construction timelines for projects such as this," that Plaintiffs would not be able to use the Reserved Premises for 18 months. (*Id.* at 12). Schroeder then offered the following summary of his qualifications:

> I have been engaged in the practice of engineering and project management for over 42 years. My experience includes numerous projects for a diverse client base. Projects include experience for residential, municipal, governmental, commercial, institutional, and industrial applications. Many of these projects included multiple uses and securing permits from multiple agencies. My experience includes bidding processes for publicly and privately funded projects. Project deliver[y] for these projects included multi-prime, general contractor, design-build, construction manager as advisor, and construction manager at risk. In terms of construction costs, projects have ranged from less than $50,000 to $92M. I am currently engaged a project projected to cost approximately $160M.

(*Id.* at 13).

I conclude Schroeder's report satisfies Rule 26(a)'s requirement that he provide "a complete statement of all opinions [he] will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). The weight those opinions should be accorded is a question for a jury.

### III. CONCLUSION

For the reasons stated above, I deny Defendants' motion to strike Plaintiffs' expert reports. (Doc. No. 107).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge

5